# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 12-0240-WS |
| | ) |
| TARIQ RASHID SIMS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

In its amended judgment entered in January 2014, the Court ordered the defendant to pay restitution to four victims in a total amount exceeding $200,000. (Doc. 516 at 5-6). As to each payee, the defendant's liability was joint and several with certain of his co-defendants. (*Id*. at 7; Doc. 584).

The defendant thereafter received conflicting signals as to the status of his restitution obligation. A case inquiry report from December 2014 showed that almost $165,000 had been collected from the defendant and his co-defendants and that less than $40,000 in restitution remained outstanding as to these four victims. (Doc. 661-1 at 2). In December 2018, however, an AUSA advised the defendant that his outstanding balance exceeded $120,000. (*Id*. at 17). A printout from May 2019 reflected the outstanding balance as $22,313.43 and also showed that over $56,000 remitted from a sister court to be kept in escrow in the defendant's case had been received but not allocated to his restitution obligation. (*Id*. at 23; Doc. 661 at 2). An AUSA subsequently repeated the $120,000 figure as the defendant's outstanding restitution obligation, and efforts to obtain confirmation of the amount through the U.S. Attorney's office proved unfruitful. (*Id*. at 2-3; Doc. 661-1 at 94-95). Ultimately, the defendant filed the instant motion for accounting and discovery. (Doc. 661). In addition to seeking clarity as to the status of his restitution obligation and return of any excess monies held by the Clerk, the defendant questions the restitution figure imposed by the amended judgment as to one victim concerning certain iMacs.

The defendant's motion seeks the following forms of relief: (1) a current calculation by the Clerk of the outstanding restitution balance; (2) a detailed restitution schedule showing all payments and judgment credits regarding the four victims identified in the amended judgment, including as to all jointly and severally liable co-defendants; (3) reconciliation of the defendant's restitution account and entry of a satisfaction of judgment; (4) remittance of any remaining funds from the judicial transfer after satisfaction of his restitution obligation to the defendant's counsel on the defendant's behalf; (5) discovery regarding the appropriate restitution figure regarding the iMacs; (6) court-ordered negotiation with the government to resolve the restitution balance and refund amount; and (7) an order that an additional amount be returned to the defendant in consideration of the return of the iMacs in 2014.

The government's response, (Doc. 671), is sufficient to permit resolution of the defendant's motion. Attached is the Clerk's confirmation that, upon application of the funds received from a sister court, the defendant's restitution obligation has been satisfied and that a surplus of $35,602.54 is being held by the Clerk pending judicial direction as to its disposition. (Doc. 670-1 at 1-2). The government voices no objection to the release of these funds to the defendant. (Doc. 670 at 5). Nor does the government object to filing a satisfaction of judgment. (*Id*. at 4).

As to the $68,496.03 restitution figure imposed by the amended judgment relative to the iMacs, the government correctly points out that the time to challenge that figure was when sentence was imposed, not over seven years later. (Doc. 671 at 5-6). "[W]e have held that a petitioner who failed to contest a restitution order either at sentencing or on direct appeal cannot for the first time challenge the district court's initial restitution calculation in a collateral proceeding, absent exceptional circumstances." *Dohrmann v. United States*, 442 F.3d 1279, 1280-81 (11th Cir. 2006); *accord Cani v. United States*, 331 F.3d 1210, 1213-14 (11th Cir. 2003). The defendant has instituted no collateral proceeding, which would in any event be time-barred by over six years. The defendant has instead filed a motion in his criminal case, but the same rule applies. *United States v.*

*Keys*, 138 Fed. Appx. 251, 252 (11th Cir. 2005).  The defendant identifies no exceptional circumstances that could excuse his failure to challenge the restitution amount at sentencing, on appeal, or at any point in the seven succeeding years, and none are apparent.[1]

For the reasons set forth above, the defendant's motion is **granted in part**.  The Clerk is directed to remit to defense counsel, on behalf of the defendant, the $35,602.54 held in escrow, less any amounts required to be retained by law, rule or policy.  Defense counsel is directed to communicate with the Clerk to facilitate this transfer and to provide such information as the Clerk may require for this purpose.  The government is **ordered** to file a satisfaction of judgment on or before **September 22, 2021**.  In all other respects, the defendant's motion is **denied**.[2]

DONE and ORDERED this 8th day of September, 2021.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] Such circumstances must approximate those required to show cause and prejudice for the tardy assertion of a constitutional claim in a collateral proceeding.  *Cani*, 331 F.3d at 1214 n.2.

[2] The defendant's first, second, and sixth requests for relief are denied as moot.  The defendant's fifth and seventh requests for relief are denied on the merits.